By the Court.—Sedgwick Ch. J.
The action was for an injunction restraining the defendants from proceeding to remove the wires of the plaintiff from certain poles in the 6th avenue from 18th street to Carmine street.
I am of opinion that the views expressed by the learned judge below in dissolving the temporary injunction were correct. Some considerations, not pertinent to the view he took, may be adduced in support of this result.
The complaint was demurrable. It placed the plaintiff’s right to use the poles upon his possessing *569 a franchise under the terms of an ordinance as follows: “ that permission and authority are hereby given and granted unto the East River Electric Light Company to place, construct and to use wires, conduits and conductors for electrical purposes in the city of New York, and over and under the streets, avenues, etc., according to such plans as may be directed, approved or allowed by and subject to the powers of the Electrical Subway Commissioners and to the provisions of chapter 499 of the Laws of 1885.” There was, however,no allegation of fact to show that the plaintiff “ strung its electric wires” according to the plan and the provisions referred to in the ordinance. There was no averment that it had received a permit from the board of electrical control to use the poles for the wires. It alleged a matter of law only, that it strung its wires “ pursuant to the authority conferred upon it by law.”
The plaintiff did not show a right to the equitable and discretionary relief of injunction. The object of the relief as asked was to restrain the commission of a trespass. The facts, however, stated in the complaint and in the affidavit, did not prove that the. plaintiff could not obtain full and adequate relief by the recovery of damages.
It was admitted on the argument that the board of electrical control could, upon reasonable notice, for reasonable cause, require the plaintiff to remove its wires from the poles. It appeared that there was reasonable cause on which the board could act, for instance, the poles themselves were encumbrances which might be lawfully removed, and the poles were of a size that was not necessary to the business of the plaintiff. Therefore the right of plaintiff, construing all things most favorable to it, whs to maintain the wires until such reasonable notice. The plaintiff did not show what the time *570 of reasonable notice would be ; and of course did not show the extent of the damages the plaintiff would suffer from not being permitted to retain its wires upon the poles during the lapse of that time.
The plaintiff in part relies upon a permit of the board that authorized the plaintiffs “ to string four wires on existing poles on 6th avenue from 18th street to Carmine Street.” The permit necessarily-referred to the poles as then rightfully there. It was not implied that the permit should operate after the poles ceased to be rightfully in the streets.
The order should be affirmed with $10 costs to abide the event and the disbursements to be taxed.
Truax and Dugro, JJ., concurred.